## FEDERAL INSURANCE COMPANY v. PRATT'S EXPRESS AND OTHERS.

241 N. W. 2d 488.

April 30, 1976—No. 45939.

*Primus, Primus & Primus* and *Richard Lee Primus,* for appellant.

*Gray, Plant, Mooty & Anderson* and *William L. Killion,* for respondent Pratt's Express.

*Dean K. Johnson* and *Peder B. Hong,* for other respondents.

PER CURIAM.

This action is one in subrogation to recover from the alleged wrongdoers payments made pursuant to a policy of insurance. The insurance policy was issued by plaintiff to Walker Art Center and Dayton Corporation to insure their liability in the event of damage to two sculptures displayed at an art exhibit in Min-

___

neapolis sponsored by them. The complaint alleges that the art objects, owned by DeWain Valentine, were damaged in transit from the exhibition to his studio in California. In accordance with the terms of the insurance policy, plaintiff paid Valentine $3,000 for the damage. This suit was commenced by plaintiff against defendants to recover this sum.

Upon settlement and payment to Valentine, plaintiff obtained a release from him, releasing any cause of action he had against "Dayton Corp. and Walker Art Center and Transporting Carriers between Los Angeles and Minneapolis." After receipt of the payment from plaintiff, an action was started by Valentine to recover damages from defendants. That action was dismissed by the trial court on the grounds that Valentine had given to defendants a full and complete release of all liabilities. That dismissal was interposed as a defense in the present action. In their answers, defendants allege that "plaintiff's claim is barred by the applicable principles of estoppel as a result of that certain order of dismissal entered in the Minneapolis Municipal Court in a case entitled DeWain Valentine vs. Pratt's Express Co., Cameron Transfer and Storage, and Allied Van Lines, File No. 551616, Cal. No. J 9411."

In the instant case the trial court granted defendants summary judgment on the basis that the plaintiff was Valentine's insurer and Valentine's claim had been extinguished by the giving of the release, and, accordingly, plaintiff's claim was also extinguished. The motion for summary judgment interposed by defendant Cameron Transfer and Storage and defendant United Van Lines was supported by an affidavit in which one of their attorneys stated, "The claim of plaintiff, Federal Insurance Company, is a subrogation claim being identical factually and legally with the claim of its insured, DeWain Valentine." It was upon this representation that the trial court made a finding that Valentine was plaintiff's insured and concluded that plaintiff's claim was thus extinguished.

284

We direct our attention in this opinion solely to the issue of whether the trial court in granting summary judgment acted properly in concluding that plaintiff was the insurer of Valentine.

Paragraph II of the complaint alleges the issuance of the policy of insurance. Whether Valentine was an insured could best be determined from an examination of the policy. The affidavit supporting the motion for summary judgment merely expressed a conclusion without any evidentiary support that Valentine was insured by plaintiff. The affidavit fails to comply with Rule 56.05, Rules of Civil Procedure. Such a conclusion being without evidentiary support was not sufficient to raise a justiciable issue. Peterson v. American Family Mutual Ins. Co. 280 Minn. 482, 160 N. W. 2d 541 (1968). At most, the allegation in Paragraph II of the complaint as to the issuance of the insurance policy and the statement in the affidavit raise the issue of whether Valentine was in fact the insured of plaintiff. There being a genuine issue of fact, the granting of summary judgment was inappropriate.

Reversed.